**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MARCUS PEUGH** | § | |
| | § | |
| | § | **CIVIL ACTION NO. _____________** |
| **VS.** | § | **JURY DEMANDED** |
| | § | |
| | § | |
| **LUFKIN INDUSTRIES, INC.** | § | |

## ORIGINAL COMPLAINT AND JURY DEMAND

## I. INTRODUCTION

Pursuant to 29 USC § 207 ("FLSA"), the named plaintiff alleges violations of his statutory employment right to receive overtime pay from Defendant, LUFKIN INDUSTRIES, INC., (hereinafter "Lufkin Industries") as a result of its failure to pay Plaintiff overtime wages as a result of his misclassification as an exempt employee. The Plaintiff also brings this action against Defendants for violation of 29 U.S.C. §215(a)(3), the anti-retaliation provision of the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. §201 et seq. Plaintiff seeks reinstatement or front pay in lieu thereof, payment of wages lost and an additional equal amount as liquidated damages, and legal or equitable relief as may be appropriate to effectuate the purposes of §215(a)(3), including but not limited to compensatory and punitive damages, for which both Defendant is liable.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b). Venue lies within this district pursuant to 28 U.S.C. §1391.

## III. PARTIES

3. At all times relevant herein, Plaintiffs were employees of Defendant LUFKIN INDUSTRIES, INC.

4. Defendant, LUFKIN INDUSTRIES, INC. has continuously been and is now a domestic corporation doing business in East Texas. Defendant's Registered Agent, is CT Corporation and may be served with process at 350 North St. Paul Street, Dallas, Texas 75201. Defendant LUFKIN INDUSTRIES, INC is an "employer" as defined by 29 U.S.C. §203(d).

## VI. FACTUAL ALLEGATIONS

6. Prior to his termination, Plaintiff Marcus Peugh was employed by Defendant as a Parts Master Scheduler. Plaintiff was classified as salary/exempt and was not compensated for overtime wages for all hours worked over forty (40) in any workweek.

7. Plaintiff began to question whether his job duties met the requirements of an exempt employee under the Fair Labor Standards Act and On March 4, 2011 met with John Havard in Human Resources to discuss Defendant's actions in requiring Plaintiff to work overtime without compensation. Plaintiff advised Havard that he believed that Defendant's actions in his opinion were in violation of the overtime provisions of the Fair Labor Standards Act.

8. On March 8, 2011 Plaintiff was called to a meeting with Human Resources representative Ragena Thompson. Without any prior notice, he was told that his services were no longer needed and was being terminated.

**FIRST CAUSE OF ACTION – FAIR LABOR STANDARDS ACT – OVERTIME VIOLATION**

9. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as the "FLSA." Among other things, the FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure to pay Plaintiff one and one-half his regular rate for all hours worked in excess of forty (40) hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff is entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION – FAIR LABOR STANDARDS ACT – RETALIATORY TERMINATION**

10. Paragraphs 1-8 are incorporated by reference herein.

11. The Defendant's termination of Plaintiff in retaliation for his complaints of Defendant's violations of the requirements of the Fair Labor Standards Act violated Plaintiff's rights and Defendant's obligations under 29 U.S.C. §215(a)(3). Plaintiff seeks relief as provided by 29 U.S.C. §216(b), including without limitation reinstatement, or if reinstatement is impracticable, front pay in lieu of reinstatement, payment of wages lost as a result of Plaintiff's retaliatory discharge, an additional amount equal to the wages lost as liquidated damages, and such legal or equitable relief as may be appropriate to effectuate the purposes of §215(a)(3), including compensatory damages for mental anguish, loss of enjoyment of life, future loss of earning capacity and attorney fees and costs.

21. Defendant's retaliatory discharge of Plaintiffs was willful, malicious, and with conscious disregard of Plaintiff's statutorily protected rights, thus entitling Plaintiff to an award of punitive damages.

## JURY DEMAND

22. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer herein, and that upon the hearing of this cause, Plaintiff be granted the following relief:

A. That the Court order Defendant to pay the unpaid wages due to Plaintiff and liquidated damages authorized by the applicable statutes;

B. That the Court find that Defendant discharged the Plaintiff in retaliation for his protected conduct in violation of 29 U.S.C. §215(a)(3).

C. That the Court order Defendant to pay Plaintiff all wages lost as a result of their retaliatory discharge, and an additional equal amount as liquidated damages.

D. That the Court find reinstatement of Plaintiff to be impracticable, and order Defendant to pay Plaintiff's front pay in lieu of reinstatement.

E. That the Court order Defendant to pay Plaintiff compensatory damages for mental anguish, loss of enjoyment of life, and lost future earning capacity.

F. That the Court award Plaintiff punitive damages based upon Defendant's willful and malicious actions and conscious disregard of Plaintiff's statutorily protected rights.

G. That the Court order Defendant to reimburse Plaintiff for reasonable attorney fees and costs; and

H. That the Court award Plaintiff such other relief, whether equitable or legal, as it deems appropriate and just.

Respectfully submitted,

___/s/______________________________
William S. Hommel, Jr.
William S. Hommel, Jr., P.C.
State Bar No. 09934250
1347 Dominion Plaza
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF